UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURT J. KEMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:19-cv-02788-JPH-DLP |
| vs. | ) |
| | ) |
| GEO GROUP, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER
AND STATEMENT OF AFFIRMATIVE DEFENSES**

COMES NOW the Defendant, The GEO Group, Inc., by counsel, Adam G. Forrest, and for its Answer to Plaintiff's "Complaint Civil Action 42 U.S.C. Section 1983" (hereinafter "Complaint"), states as follows:

### I. JURISDICTION AND VENUE

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint but denies any wrongdoing or violations on its part.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint but denies any wrongdoing or violations on its part.

### PLAINTIFF

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint but denies any wrongdoing or violations on its part.

### DEFENDANTS

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant Keith Butts was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

6. Defendant M. Seiver was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

7. Defendant Andrew Beghun was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

8. Defendant M. Osburn was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

9. Defendant I. Randolf was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

10. Defendant H. Winningham was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

11. Defendant F. Owens was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

12. Defendant A. Elsrod was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

13. Defendant Bryan Pearson was dismissed pursuant to the Entry Screening Complaint dated September 30, 2019.

14. Defendant admits the allegations set forth in paragraph 3 of the Complaint but denies any wrongdoing or violations on its part.

**FACTS ABOUT THE INJURY**

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits.

18. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant admits, generally, that the Plaintiff was informed that he would be removed from the P.L.U.S. program based on a failure to follow the program's chain of command and that he would also be moved from the program dorm but it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendant admits.

22. Defendant admits.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies.

25. Defendant denies.

26. Defendant denies.

27. Defendant denies.

28. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies.

30. Defendant denies.

31. Defendant denies.

32. Defendant admits.

33. Defendant denies.

34. Defendant admits to the existence of the letter escribed but denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. Defendant denies.

36. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies.

41. Defendant denies.

42. Defendant denies.

43. Defendant denies.

44. Defendant denies.

45. Defendant denies.

46. Defendant denies.

47. Defendant denies.

48. Defendant denies.

49. Defendant denies.

50. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint but will not be raising a failure to exhaust administrative remedies as an affirmative defense in this matter.

51. Defendant admits that the Plaintiff has submitted certain documents to the Court at the same time that he filed his Complaint but lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 51 of the Complaint.

## EXHAUSTION OF REMEDIES

52. Defendant herein incorporates by reference its responses to paragraphs 1-51 above.

53. Defendant denies.

54. Defendant denies.

## 55. PRAYER FOR RELIEF

56. Defendant denies that Plaintiff is entitled to any relief requested.

57. Defendant denies that Plaintiff is entitled to any relief requested.

58. Defendant denies that Plaintiff is entitled to any relief requested.

59. Defendant denies that Plaintiff is entitled to any relief requested.

60. Defendant denies that Plaintiff is entitled to any relief requested.

61. Defendant admits that Plaintiff has demanded a trial by jury as to all so triable issues.

62. Defendant denies that Plaintiff is entitled to any relief requested.

63. Defendant denies that Plaintiff is entitled to any relief requested.

WHEREFORE, the Defendant, by counsel, Adam G. Forrest, respectfully requests that the Plaintiff, Kurt J. Kemp, take nothing by way of his Complaint; that judgment be entered in the Defendant's favor; that Defendant be awarded its costs incurred in defending this action; and, that the Court grant all other relief deemed just and proper in the premises.

**STATEMENT OF AFFIRMATIVE DEFENSES**

COMES NOW the Defendant, by counsel, Adam G. Forrest, and for its Affirmative Defenses to the Plaintiff's Complaint, states and alleges as follows:

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The actions of the Defendant were not the proximate cause of any harm to the Plaintiff.

3. The Plaintiff's claims are barred, in whole or part, by the doctrines of estoppel or unclean hands.

4. The Plaintiff may have acknowledged a review of and understanding of the P.L.U.S. Program and its requirements before voluntarily entering in to said program which may serve to show his consent to the terms of the program of which he now complains.

5. The P.L.U.S. Program, and its individual policies, including that which is at issue herein, amounts to a regulation that is reasonable related to legitimate penological interests.

6. The Plaintiff may have failed to mitigate his damages due to his own actions related to conduct, treatment, and other factors.

7. That actions taken by the Defendant, if any alleged action is found to be true, may have been based on the policies and procedures of the Indiana Department of Correction and were, therefore, necessarily followed to enforce and protect legitimate inmate-incarceration interests.

8. The Defendant hereby reserves the right to supplement and amend its Statement of Affirmative Defenses, as discovery in this matter is ongoing.

WHEREFORE, the Defendant, by counsel, Adam G. Forrest, respectfully prays that this Court enter judgment in its favor and against the Plaintiff; that the Plaintiff take nothing by way of his Complaint; that the Defendant be awarded its costs arising from this lawsuit; and, that the Defendant be granted all other relief deemed just and proper in the premises.

          Respectfully submitted,

By:   /s/ Adam G. Forrest
      Adam G. Forrest, Atty. No. 23920-89
      BBKCC ATTORNEYS
      27 North 8th Street
      Richmond, IN   47374
      Telephone: (765) 962-7527
      Facsimile: (765) 966-4597
      aforrest@bbkcc.com
      *Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2019, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system: N/A.

Further, I hereby certify that I have provided a copy of the foregoing to the following non-CM/ECF participant via United States Mail, first-class, postage prepaid, on this 30th day of December, 2019:

Kurt J. Kemp (DOC#266745)
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL
FACILITY – Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN  47362

By   /s/ Adam G. Forrest
       Adam G. Forrest