UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KURT J. KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02788-JPH-DLP |
| | ) | |
| GEO GROUP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Amended Complaint,
Directing Service of Process,
and Granting Motion to Withdraw**

**I.**

On February 28, 2020, Mr. Kemp's counsel filed a notice of appearance and a motion to withdraw Mr. Kemp's pending pro se motions. The motion to withdraw, dkt [25], is **granted**, and the pro se motions, dkts. [21], [22], and [23], are **withdrawn**.

**II.**

Mr. Kemp, an inmate at the New Castle Correctional Facility ("New Castle"), brings this action pursuant to 42 U.S.C. § 1983 alleging that his First Amendment rights have been violated. He filed an amended complaint on February 10, 2020. Dkt. 20. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants. This amended complaint will completely replace the original complaint filed on October 21, 2019. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Amended Complaint

Mr. Kemp's amended complaint names the follow defendants: (1) the Commissioner of the Indiana Department of Correction ("IDOC"), in his official capacity; and (2) the GEO Group ("GEO"), a private company that operates New Castle. He seeks declaratory and injunctive relief.

The PLUS program is a voluntary IDOC program administered by GEO. Mr. Kemp was removed from the PLUS program for violating the program's chain of command rule, which states:

> All interaction with staff will be conducted through the Aides and Clerks. When issues arise and staff is involved, the program leadership will be the only ones to deal with them. At no time are participants to run up to the door or staff to have issues addressed. Take all issues to your leadership and they will address them with staff.

Dkt. 20 at 3.

Like all PLUS program participants, Mr. Kemp was required to participate in the program's suicide companion watch program, which he believed violates the Prison Rape Elimination Act and the Health Insurance Portability and Accountability Act. Dkt. 20 at 2. Instead of following the chain of command rule, Mr. Kemp wrote to Executive Director Bryan Pearson directly to express his concerns. Mr. Kemp was terminated from the PLUS program two weeks before graduation for

writing this letter. He alleges that the chain of command rule violated his First Amendment right to redress his grievances with the government without fear of retaliation.

## C. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The First Amendment protects prisoners from retaliatory actions that are likely to deter them from engaging in protected First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Based on the screening standards set forth above, Mr. Kemp's First Amendment retaliation claims against the Commissioner of the IDOC and the GEO Group **shall proceed**. This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed.

## III. Summary and Service of Process

Mr. Kemp's motion to withdraw, dkt. [25], is **granted**, and his pro se motions, dkts. [21], [22], and [23], are **withdrawn**.

Mr. Kemp's First Amendment retaliation claims **shall proceed** against the Commissioner of the Indiana Department of Correction and the GEO Group.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the Commissioner of the Indiana Department of Correction in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [20], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order. The GEO Group has already appeared in this action and has answered the Amended Complaint.

**SO ORDERED**.

Date: 3/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic Service to:

    The Commissioner of the Indiana Department of Correction

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org